COMPONEXX CORP.,

     Plaintiff,

v.

NEIL BRASFIELD,

     Defendant.

_____/

## <u>ORDER ON MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT</u>

**THIS CAUSE** is before the Court upon Defendant Neil Brasfield's ("Defendant") Motion for Leave to File Third-Party Complaint, ECF No. [22] ("Motion"), filed on February 11, 2019. The Court ordered an expedited response, ECF No. [23], which Plaintiff Componexx Corp. ("Plaintiff" or "Componexx") filed on February 19, 2019, ECF No. [25] ("Response"). The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

This case arises as a result of an investment gone wrong. In the Complaint, Componexx alleges that in or around April, 2017, Defendant attended a meeting where Edwin Diaz ("Diaz"), in his capacity as President of Componexx, and an individual named Tom Whiteaker were both present. ECF No. [1] at 9 ¶ 6. As part of the meeting, Defendant requested and induced Diaz, acting through Componexx, to invest in his company. *Id.* ¶ 7. However, rather than invest in Defendant's company, Diaz, on behalf of Componexx, and Defendant agreed that Componexx would invest $100,000 in a new entity called Digital-1, Inc. ("Digital-1"), while Defendant would contribute a stream of receivables from his company to help capitalize Digital-1. *Id.* ¶¶ 7-8.

Digital-1 was formed in May, 2017, and Diaz caused Componexx to fund $100,000.00 as start-up capital for the new entity. *Id.* ¶ 10. According to Componexx, Defendant did not hold up his end of the parties' agreement, and thus, Componexx asserts claims of breach of oral contract, unjust enrichment, and fraud in the inducement against Defendant.

In the Motion, Defendant requests leave to file a third-party complaint against Diaz, including claims for breach of fiduciary duty, breach of oral contract, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment, claiming that Diaz is liable to Defendant for all or part of any recovery Componexx may obtain in this case based on Defendant's contention that Diaz personally invested in Digital-1 in exchange for a 30% ownership stake in Digital-1. *See* ECF No. [22-1] ¶ 14. Componexx argues that the third-party claims are improper because Defendant has no indemnification rights against Diaz. The Court agrees.

Rule 14(a) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).[1] However, "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) (citations omitted). "Rule 14 is most commonly used in cases 'in which the third-party defendant is obligated by contract to indemnify the defendant against the liability on which the plaintiff has

---

[1] Because Defendant filed his answer more than two weeks ago, he must seek the Court's leave to file the third-party complaint. *See* Fed. R. Civ. P. 14(a)(1) ("But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.").

sued,' for 'contribution among joint tortfeasors,' where subrogation is appropriate because 'the third-party defendant's liability arises from rights which the defendant acquires from the plaintiff,' or ' based on a breach of an express or implied warranty.'" *U.S. Distrib., Inc. v. Block*, No. 09-21635-CIV, 2010 WL 337669, at *2 (S.D. Fla. Jan. 22, 2010) (quoting 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.03[1] (3d ed. 2009)). Here, although Defendant contends that his claims against Diaz arise from the same set of facts, and that Defendant will be entitled to setoff or indemnification if found liable to Componexx, there are no allegations of contractual indemnity in this case and Defendant's recovery in fact is not dependent upon the outcome of Componexx's claim against Defendant. Thus, the third-party complaint is improper. *See Deman Data Sys., LLC v. Schessel*, No. 8:12-cv-2580-T-24 EAJ, 2014 WL 408443, at *5-6 (M.D. Fla. Feb. 3, 2014) (dismissing similar third-party claims as improper). If Defendant wants to pursue his claims against Diaz, he will have to do so in a separate action.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [22]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of February, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record